```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FOUAD M. FOUAD,
                    Plaintiff,
                                              01 Civ. 8502 (GBD)
                                              MEMORANDUM OPINION
            -against-                         AND ORDER


JEPORT HOTEL CORP. D/B/A
COMFORT INN NEW YORK CITY
CROSSROADS HOSPITALITY COMPANY,

                    Defendants.
------------------------------------------------------------------x
```

GEORGE B. DANIELS, District Judge:

Plaintiff brings this action against defendants alleging disability discrimination and retaliation in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101, *et seq*., as well as the New York City Human Rights Law ("HRL"). Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that plaintiff failed to plead discrimination based on his alleged disability, and failed to allege a prima facie claim of retaliation. For the following reasons, defendants' motion to dismiss is denied.

Plaintiff Fouad M. Fouad was hired by defendant Jeport Hotel Corporation ("Jeport") (d/b/a Comfort Inn New York City Crossroads Hospitality Company) in 1988 as a front desk clerk. In 1999, plaintiff was diagnosed with perostitis and tendonitis in his leg. Plaintiff informed his employer that "his disability limited his ability to stand for long periods of time." (Compl. ¶ 9). To accommodate his disability, defendant allowed plaintiff to sit "only...when no guests were at the front desk..." (Compl. ¶10). However, plaintiff argues that such an accommodation was not sufficient because "there were constantly guests at the front desk." (Compl. ¶ 10). Plaintiff claims that he still attempted to sit whenever possible, but "was reprimanded for violating company policy for doing so." (Compl. ¶ 11).

Plaintiff further alleges that when he informed defendants that he would file a complaint with the Equal Employment Opportunity Commission ("EEOC") if "reasonable accommodations" weren't provided, defendants told him that he would be terminated. (Compl. ¶ 13). No new accommodations were provided, and plaintiff went on disability leave in October 1999. While on leave, plaintiff filed a Charge of Discrimination with the EEOC on or about December 1, 1999. Plaintiff claims that he informed defendants' general manager, Harold Solomon, shortly after he filed his charge. On February 3, 2000, defendants' terminated plaintiff's employment. (Compl. ¶ 17).

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. See King v. Simpson, 189 F.3d 284, 86 (2d Cir. 1999); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). In reviewing a motion to dismiss, this Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. See Patel v. Searles, 305 F.3d 130, 134-34 (2d Cir. 2002). A complaint includes "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff had knowledge and relied on in bringing the suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)); see also, Int'l Audiotext Network, Inc., v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). However, plaintiff's mere notice of possession of a document is not sufficient to warrant the Court's consideration of the document. Rather, "plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a

necessary prerequisite to the court's consideration of the document on a dismissal motion..." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

In order to establish a *prima facie* case under the Americans with Disabilities Act ("ADA") 42 U.S.C., a plaintiff must show (1) that he is an individual with a disability within the meaning of the act; (2) he is otherwise qualified to perform the job; and (3) he was discriminated against or discharged because of the disability. See Wernick v. Federal Reserve Bank of New York, 91 F.3d 379, 383 (2d. Cir. 1996).

The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more of the major life activities of such individuals." 42 U.S.C. § 12102(2)(A). "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(i). In determining whether an impairment is substantially limiting, Courts will look at "(i) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." Colwell v. Suffolk County Police Dept., 158 F.3d 635, 643 (2d Cir. 1998) (quoting 29 C.F.R. § 1630.2(j)(2)). Courts within this circuit, and the vast majority of courts elsewhere, have held that temporary disabilities do not trigger the protections of the ADA because individuals with temporary injuries are not disabled persons within the meaning of the act. Graaf v. North Shore Univ. Hosp., 1 F.Supp.2d 318, 321 (S.D.N.Y. 1998).

Defendants' argue that plaintiff's impairment does not qualify as a disability protected under the ADA because plaintiff's major life activities are not substantially limited, and the impairment is temporary. Plaintiff's pleadings indicate that he cannot stand for more than an hour

at a time. (Plaintiff's Exhibit 1).[1] The ability to stand has been held by the Second Circuit as a "major life activit[y]" intended to be protected by the ADA. See Buckley v. Consolidated Edison Co. of New York, Inc., 155 F.3d 150, 154 (2d Cir. 1998) (stating that the ADA list of "'major life activities...is meant to include sitting, standing, lifting [and] reaching'") (quoting the *Americans with Disabilities Act Handbook* I-27 (1992)); see also Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 870 (2d Cir. 1998) ("other major life activities include, but are not limited to, sitting, standing, lifting, or reaching."). Moreover, the doctors' notes provided by plaintiff do not specify when plaintiff will fully recover from his impairment.[2] Rather, the doctor lists various dates by which plaintiff's condition may "improve," contingent upon plaintiff's performance of "physical therapy," and his avoidance of "unnecessary standing." (Plaintiff's Exhibit 1). At this stage of the litigation, it is premature to find that plaintiff's impairment is "temporary" and therefore not protected by the ADA. Indeed, plaintiff has alleged that his impairment is not temporary. His allegations are sufficient to defeat defendants' motion to dismiss.

Defendants also challenge plaintiff's retaliation claim, aruging that the time span between the day plaintiff went on disability leave and the day he was terminated is too attenuated to support an inference of discrimination. To state a claim for retaliation under the ADA, a plaintiff must show that (1) she was engaged in a protected activity; (2) the defendant was aware of that activity; (3) she was discharged; and (4) there was a causal connection between the protected

---

[1] The Doctor's note, dated October 6, 1999, notes that "[plaintiff] should not stand for more than one hour at a time...."

[2] In plaintiff's second amended complaint he relied on doctor's notes to support his claim that he was diagnosed with periostitis and tendonitis in 1999. Since plaintiff "relied on [such information] in bringing suit," the court can consider the information in addressing defendants' 12(b)(6) motion to dismiss. Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991).

4

activity and the termination or suspension. <u>Distasio v. Perkin Elmer Corp.</u>, 157 F.3d 55, 66 (2d Cir. 1998). Plaintiff has alleged sufficient facts to support his claim of retaliation as he states in his complaint that he (1) filed a charge with the EEOC; (2) informed defendants' of his action, (3) was later fired from his job; (4) and had previously been warned that filing a charge with the EEOC would result in the termination of his employment. As "time span" is not necessarily a determinative factor in proving an ADA retaliation claim, closeness in time between when plaintiff went on disability and when he was discharged is not required, as long as facts asserting a causal connection between the two events are present. <u>Distasio v. Perkin Elmer Corp.</u>, 157 F.3d 55, 66 (2d Cir. 1998) (stating that a plaintiff's claim for retaliation under the ADA must show a causal connection between the protected activity and the termination or suspension).

Plaintiff has sufficiently plead, for the purposes of a Rule 12(b)(6), that he was discriminated against because of his disability, and later retaliated against, under the ADA. Accordingly, defendants' motion to dismiss is denied.

Dated: August 5, 2005
New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge